IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD LINIHAN, | : | |
| | : | Case No. 2:15-CV-2476 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Deavers |
| FOOD CONCEPTS INTERNATIONAL, LP *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | | |
| ELIZABETH A. KLIMEK, | : | |
| | : | Case No. 2:15-CV-2473 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Deavers |
| FOOD CONCEPTS INTERNATIONAL, LP *et al.*, | : | |
| | : | |
| Defendants. | : | |

### OPINION & ORDER

This matter is before the Court on the Motions of Plaintiff Elizabeth A. Klimek and Plaintiff Edward Linihan to Consolidate their cases with 11 related cases that are currently pending before this Court against Defendants. For the reasons that follow, the Court **DENIES** both motions.

## I.  BACKGROUND

Plaintiff Linihan commenced this case in the Franklin County Court of Common Pleas on June 29, 2015.  (Linihan Doc. 2.[1])  On June 30, 2015, Defendants removed the action to this court (Doc. 1.) at which point Plaintiff filed a motion to consolidate his case (Linihan Doc. 6.) with 11 other cases, all of which had been filed against Defendants in this Court or removed to this Court in February 2013.  (*See* Miller Doc. 9 at 1.)  On July 8, 2015, Plaintiff Linihan's case was transferred from Judge Watson's docket to this Court's docket because it is related to the 11 other cases.  Defendants failed to respond to Plaintiff's motion to consolidate until nearly two months later, when they filed a Motion for Leave to File Opposition to Plaintiff's Motion to Consolidate *Instanter*.  (Linihan Doc. 13.)  Plaintiff opposes Defendants' motion, arguing that Defendants have not offered any explanation or their untimely filing other than counsel's oversight.  (Linihan Doc. 14.)

Meanwhile, Plaintiff Klimek filed a complaint in this court on June 30, 2015 and on that same day filed a motion to consolidate her case with the 11 aforementioned cases against Defendants. (Klimek Doc. 4.)  Defendants were not served with the complaint, however, until February 23, 2016.  (Klimek Docs. 7-8.)

Like Plaintiffs Linihan and Klimek, the plaintiffs in the 11 related cases are former and current employees of Abuelo's restaurant in Columbus.  Those Plaintiffs all pleaded violations of the Fair Labor Standards Act ("FLSA") and breach-of-contract claims.  (*See* Miller Doc. 38 at 1.)  Discovery in those 11 cases was closed on August 31, 2015.  (*See* Miller Doc. 110.)

---

[1] For ease of reference, the Court will use each Plaintiff's last name when referring to docket filings in *Linihan v. Food Concepts Int'l, LP*, No. 15-cv-2476, *Klimek v. Food Concepts Int'l, LP*, No. 15-cv-2473, and *Miller v. Food Concepts Int'l, LP*, No. 2:13-cv-00124.  Miller is the plaintiff in one of the related cases pending before the Court.

## II. LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 42(a)[2], if actions before a court involve a common question of law or fact, the court has the discretion to:

(1) join for hearing or trial any or all matters at issue in the actions;
(2) consolidate the actions; or
(3) issue any other orders to avoid unnecessary cost or delay.

There need not be "complete identity of legal and factual issues posed in the cases which are the subject of the request." *J4 Promotions, Inc. v. Splash Dogs*, LLC, Nos. 2:09-cv-136, 2:10-cv-432, 2010 WL 3063217, at *1 (S.D. Ohio Aug. 3, 2010). The underlying objective of consolidation "is to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (internal quotation marks and citation omitted). The Court must take care "that consolidation does not result in unavoidable prejudice or unfair advantage." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). If the conservation of judicial resources achieved through consolidation "are slight, the risk of prejudice to a party must be viewed with even greater scrutiny." *Id.*

Plaintiffs contend that these cases should be consolidated for purposes of discovery because they share common questions of law and fact and the consolidation would serve the goals of efficiency and conservation of judicial resources. Namely, they argue that consolidation is appropriate because: (1) all Plaintiffs are current or former employees at Abuelo's restaurant; (2) the Defendants are the same in each case; (3) Plaintiffs and Defendants are all represented by the same counsel, respectively; (4) three additional new plaintiffs have filed actions in this Court

---

[2] Plaintiffs Linihan and Klimek discuss the standard for determining whether cases are related under Local Civil Rule 3.1(b), but this argument is irrelevant because the Court has already determined that the cases are related, which is not dispositive of the issue of whether they should be consolidated for discovery purposes.

with similar claims[3]; (5) all Plaintiffs "essentially base their claims on [Defendants'] violations of FLSA and breach of contract for wages claims." (Klimek Doc. 4 at 4.)

Discovery in the 11 related cases closed several months ago. (*See* Miller Doc. 110.) Therefore, the Court finds that consolidation at this stage would not conserve judicial resources. *See JF Promotions*, 2010 WL 3063217, at *2 (denying a motion to consolidate when "the cases [were] at very different stages in the litigation process" and any common questions of law and fact were minor). Klimek's complaint does indicate that there may be questions of law or fact common to the other 11 cases, because she alleges violations of the Fair Labor Standards Act and breach of contract, as do the other plaintiffs. (Klimak Compl., Doc. 1 at 23-51.) Linihan, however, was an assistant general manager at Abuelo's and brings entirely different causes of action against Defendants. (Linihan Compl., Doc. 2 at 11-22.) Even if Klimek's complaint reveals some common questions of law or fact with the other 11 cases, the Court finds that consolidation would not conserve judicial resources and that Defendants could be prejudiced because discovery has already concluded in the other cases.

### III.    CONCLUSION

For the reasons stated above, Plaintiff Linihan and Plaintiff Klimek's motions to consolidate are **DENIED**. (Linihan Doc. 6 and Klimek Doc. 4.) Defendants' Motion for Leave to File (Linihan Doc. 13) is **MOOT**.

**IT IS SO ORDERED.**

    s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**DATED: February 26, 2016**        **UNITED STATES DISTRICT JUDGE**

---

[3] Since the date that Plaintiffs Linihan and Klimek filed their motion to consolidate, two of the plaintiffs mentioned by Plaintiffs Linihan and Klimek in their motion, Justin Thomas and Cassandra Epperly, have filed complaints in this Court. Neither has yet filed a motion to consolidate those cases with any other case.